Tilghman, C. J.
delivered the opinion of the Court.
The opinion.delivered by me this day, in the case of Confair v. Steffey, renders it unnecessary to say much on the present occasion. The principles laid down in that opinion, must govern the present case. Prior to the act of 28th March, 1814, title to vacant land might be acquired by any person who would make a settlement and raise grain ; but in order to make a legal settlement, it was necessary to reside on the land and make it the means of supporting a family. It is evident, that a considerable period of time might elapse between the beginning and final accomplishment of a settlement like this ; between the first stroke of the axe in the forest which was to be cleared and reduced to cultivation, and the entry of the family into the finished dwelling-house. This title by settlement was always a favourite of the Legislature, and it cannot be supposed that they ever had it in contemplation to deprive a man, by an ex post facto law, of the right which he had acquired by the commencement of his labours. This right, to be sure, was imperfect, but might be rendered perfect by persevering till the settlement and rais-ing of grain were completed. The act of .28th March, 1814, should, therefore, be so construed as not to destroy any previous title under a settlement begun, but not perfected. Nolis there the least difficulty in such construction, for there is nothing in that act hostile to an imperfect title by ¡settlement. On the contrary; such title was intended to be saved1 and protected. By the 2d section, so much of the act of 32d September, U94, as requires a settlement, residence, and raising of grain, before the issuing of a warrant to take up land, is repealed—but there is a proviso, that the right of any person who may have actually settled on vacant land, before the passing of that act, shall not be impaired or affected. To Construe *259 the words actually settled, so strictly as to give to a stranger the right of taking the land on which a settlement had been begun, but not completed, would produce such monstrous injustice, that it w ill not bear a moments consideration. In all such cases, the right of him who had expended his labour and money, is protected. But it rests with himself to perfect his title by settlement, or relinquish it. His taking a warrant under the act of March, 1814, is an equivocal act. He may, or he may not, have abandoned his title by settlement. The taking out of the warrant is, by no means, conclusive evidence of abandonment. But in all such cases, abandonment or not, is a question which may be properly submitted to the jury, who wili form their opinion from all the circumstances. It appears to me, therefore, that this cause was very properly and fairly left to the jury, the law having been well explained to them. I am of opinion, that there is no error in this record, and the judgment should be affirmed.
Judgment affirmed.